■ ROCHELLE DINDAS, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants.—Order of the Supreme Court, New York County (Carol Huff, J.), entered April 10, 1991, which denied respondents' motion to dismiss the petition, directed respondents to answer the petition and ordered respondents to continue payment of petitioner's salary pending determination of the CPLR article 78 proceeding, unanimously affirmed, without costs.

On March 19, 1980, petitioner, a New York City School Teacher, was injured by a student who pushed her to the floor. As a result of the injuries she sustained, petitioner experienced pain radiating into her left leg (radiculopathy). In April 1981, she was hospitalized for surgery to divide the pyriformis muscle in what proved to be an unsuccessful attempt to relieve the condition. She applied to the Teachers' Retirement System for accident disability retirement benefits on March 22, 1984. She was found to be not disabled and her application was denied. Petitioner was again hospitalized in July, 1984 and subsequently filed a second application for accident disability retirement benefits on September 16, 1984. The Teachers' Retirement System again found that she was not disabled and denied the application.

The petition alleges, and respondents do not deny, that

petitioner worked a total of only twenty days since the date of her injury and that the Board of Education maintained her on full salary because their own doctors and medical arbitrators found her to be permanently disabled as the result of an on-the-job injury. The petition states that, since the incident, petitioner has been examined by doctors of respondent Board of Education's Medical Division some 25 times and by panel specialists employed by respondent Board of Education on at least four occasions and has prevailed in three medical arbitrations upon findings that she is permanently disabled and unable to perform her assigned duties.

In June 1988, in response to a request by respondent Chancellor of the Board of Education to consider petitioner's application for accident disability retirement benefits, the Teachers' Retirement System took the position that she is no longer eligible for accident disability retirement for failure to resubmit the application within five years of the date of the accident in accordance with section 13-551 (e) of the Administrative Code of the City of New York. In July 1988, the Board of Education, acting pursuant to Education Law § 913, ordered petitioner to submit to an evaluation by the Teachers' Retirement System for ordinary disability retirement or payment of her salary would be discontinued. Petitioner did not comply with this demand but instituted an article 78 proceeding seeking an order directing the Teachers' Retirement System to examine her for accident disability retirement benefits. This petition was later withdrawn while the parties conducted settlement negotiations. Negotiations were unsuccessful and the instant article 78 proceeding ensued.

Respondents did not answer the petition but instead moved for its dismissal (CPLR 7804 [f]), asserting that it fails to state a cause of action on the ground that a five-year statute of limitations prevents the renewal of petitioner's application (Administrative Code § 13-551 [e]). Petitioner, however, claims that she relied on the conduct of respondents during the years her disability was in question and argues that they should be equitably estopped from enforcing the statutory time period as to her request for accident disability retirement benefits. She also raises an issue of bad faith on the part of respondents, contending that the Board of Education had an obligation, under the circumstances, to submit an application on her behalf to the Teachers' Retirement System prior to the expiration of the five-year period in order to protect her right to accident disability retirement benefits.

Respondents appeal from the denial of their motion to

dismiss the petition and from Supreme Court's direction to continue payment of petitioner's salary pending determination of the proceeding.

In their affirmation in support of the motion to dismiss the petition, respondents took the position that "petitioner may not be examined for accident disability retirement because more than five years have passed since her alleged line of duty injury. Moreover, respondents are entitled to suspend petitioner's pay because of her refusal to submit to an examination for ordinary disability retirement." In support of the latter proposition, respondents relied on Section 5.4 of the Board of Education's by-laws, entitled "Retirement", which states, in pertinent part: "An employee of the board of education shall submit to a medical examination by the medical board of the retirement system of which he is a member when he is requested to do so, pursuant to an application of the board of education in accordance with applicable law or regulations pertaining to such retirement system *after examination by and recommendation of the board of education medical division.* Neglect, refusal or failure to submit to such medical examination shall be deemed an act of insubordination" (emphasis supplied).

In the absence of a record, it is impossible to determine the merits of the petition. However, it should be observed that the cited by-law suggests—as does logic—that any determination by the Retirement System medical board will be subsequent to the recommendation of the Board of Education Medical Division. It is undisputed that petitioner's own applications to the Teachers' Retirement System met with denial, and there is considerable merit to her assertion, in the petition, that further application would have been futile in view of the failure of the Board of Education to have resolved the issue of her disability. This Court is unwilling to accept the bald proposition, implicit in the argument advanced by respondents, that simply because the Board of Education consumed over five years in determining that petitioner is disabled, measured from the date of the accident resulting in disability, the Teachers' Retirement System is not required to even consider the application for accident disability retirement benefits referred to it by the Chancellor of the Board of Education. The equities of the circumstances confronted by petitioner certainly militate in favor of the imposition of a tolling period in order to prevent the injustice which would result when, as here, a party who prevails in establishing that a disability resulted from an accidental injury sustained in the

line of duty is nevertheless deprived of the benefit which would normally accrue from such a determination.

Respondents' reliance on Education Law § 913 as a basis for discontinuing payment of petitioner's salary is misplaced. The statute requires an employee to submit to examination "to safeguard the health of children attending the public schools" and where *necessary* "to determine the physical or mental capacity of such person to perform his duties." In view of the determination that petitioner is permanently disabled— reached after 25 individual examinations, four medical panel examinations and three medical arbitrations—respondents' attempt to subject petitioner to yet another examination is ludicrous and borders on harassment.

Respondents' contention that Supreme Court issued a preliminary injunction against discontinuance of petitioner's salary in contravention of CPLR 6311 is equally devoid of merit. The relief requested in the petition—that the court "maintain Petitioner's current status and salary with the Board of Education"—constitutes notice within the contemplation of the provision. Respondents appeared and moved to dismiss the petition, and their argument on appeal that they "were deprived of an opportunity to be heard regarding the award of such relief" is without foundation. Having failed to challenge the preliminary relief before Supreme Court, respondents will not be heard to complain, for the first time on appeal, that the court abused its discretion in granting it. Moreover, we note that Supreme Court did no more than preserve the status quo (CPLR 7805). Concur—Rosenberger, J. P., Ellerin, Wallach, Kupferman and Rubin, JJ.